# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PEGGY FRANKLAND | : | DOCKET NO. 2:07-cv-1767 |
| VS. | : | JUDGE MINALDI |
| STATE FARM  FIRE & CASUALTY CO. | : | MAGISTRATE JUDGE KAY |

## *REPORT AND RECOMMENDATION*

Before the court is Plaintiff's Motion to Remand [Doc. 6].  This motion has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed hereinafter, it is recommended that the motion be GRANTED in part and DENIED in part.

## PROCEDURAL HISTORY

Plaintiff Peggy Frankland filed this action in the 14th Judicial District Court for Calcasieu Parish, Louisiana. Plaintiff seeks to recover benefits, penalties and attorney fees from Defendant State Farm Fire & Casualty Company ("State Farm") alleging that State Farm failed to properly and promptly adjust Plaintiff's property damage claim for damage to Plaintiff's home caused by Hurricane Rita.  Plaintiff names as co-defendant Peter J. Gostyla ("Gostyla"), a private insurance adjuster, who contracted with Plaintiff to adjust her hurricane-related insurance claim. Plaintiff seeks a ruling that her contingent fee agreement with Gostyla is illegal, void and unenforceable under Louisiana law.

State Farm was served on September 27, 2007, and removed the case to this court on October 25, 2007. [Doc. 1].  In its notice of removal, State Farm asserted that federal jurisdiction

1

is proper because (1) complete diversity exists because Gostyla is not a citizen of Louisiana; and (2) in the alternative, Gostyla's citizenship can be ignored because he was improperly joined. Plaintiff timely filed her motion to remand.  Plaintiff contends that Gostyla was properly joined and urges remand on the basis that Gostyla failed to join in or consent to the removal.[1]  Plaintiff further argues that Gostyla's consent is required even if Gostyla were improperly joined, because State Farm did not first seek severance of the claims against Gostyla in Louisiana state court.  In support of this argument, Plaintiff cites the procedural requirements articulated by this court in *Booth v. Louisiana Citizens Coastal Plan*, 2007 WL 933665 (W.D. La.).[2]

## LAW AND ANALYSIS

Here, both parties agree that the amount in controversy is satisfied; only diversity of citizenship is in dispute.

### A.  Removal Jurisdiction

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removal statute should be strictly construed in favor of remand and any ambiguities should be construed against removal.  *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### B.  Diversity Jurisdiction

The federal removal statute allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). That statute explains that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in

---

[1]  "[A]s a general rule, removal requires the consent of all co-defendants." *Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993).

[2]  *See also Griffith v. Louisiana Citizens Coastal Plan*, 2007 WL 933510 (W.D. La.), the companion case to *Booth*.

interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This Court may not exercise jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to create federal diversity jurisdiction.  28 U.S.C. § 1359.

Under a traditional diversity of citizenship analysis, if both Plaintiff and co-defendant Gostyla are citizens of Louisiana, this court would lack jurisdiction pursuant to 28 U.S.C. § 1332.  *See Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990).  In its notice of removal, State Farm makes no assertions as to the citizenship of Gostyla and instead argues that removal was proper on the basis of fraudulent misjoinder (discussed *infra*).  However, in its Supplemental Opposition to Motion to Remand [Doc. 22], State Farm alleges that Gostyla is not a citizen of Louisiana, and therefore jurisdiction is proper on the basis of complete diversity of citizenship.  In support of its allegations, State Farm submits several exhibits culled from online databases.  The information in these exhibits purports to demonstrate, *inter alia*, that Gostyla has a Florida driver's license, is registered to vote in Florida, and owns real estate in Florida.  State Farm contends that these indicia of domicile are more probative of citizenship than the evidence of Gostyla's office address and ownership of real estate in Louisiana asserted by Plaintiff.

Plaintiff contends that State Farm's Supplemental Opposition is untimely, that the information included in the exhibits does not constitute evidence, and that the information therein contradicts Gostyla's avowed domicile.  While a motion to remand "is normally analyzed with reference to the well-pleaded allegations of the complaint," a court  "may allow limited remand-related discovery, and conduct a summary judgment type inquiry thereupon." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir.2004) (en banc).  However, unauthenticated documents are improper as summary judgment evidence.  *King v. Dogan,* 31

3

F.3d 344, 346 (5th Cir.1994).   Here, there is no affidavit accompanying the exhibits and no basis upon which this court can assess their accuracy or authenticity.   Accordingly, the exhibits in State Farm's Supplemental Opposition will be ignored and the court will consider the only the citizenship information in the pleadings.   Because the burden is on the removing party to prove that federal jurisdiction is proper,[3] the undersigned finds insufficient evidence in the record to conclude that Gostyla is a not a citizen of Louisiana.

## C.  Misjoinder

However, State Farm also contends that Gostyla's citizenship should not be considered in assessing this court's jurisdiction because he has been fraudulently or improperly joined.  State Farm asserts that if Gostyla was fraudulently or improperly joined then his presence will not bar this court's jurisdiction.  In addition, in that event it would not be necessary to obtain his consent to removal. *See Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993). Fraudulent/improper joinder is recognized in two situations: (1) where there is actual fraud in the pleading of jurisdictional facts; and (2) where there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state/non-diverse defendant.  *Smallwood*, 385 F.3d 568 at 573  (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)).  Because neither of these situations is implicated in the present case, State Farm relies on a third category of fraudulent joinder often referred to as fraudulent misjoinder.

### 1.  Fifth Circuit Misjoinder Jurisdprudence

In *Booth v. Louisiana Citizens Coastal Plan*, this court provided a detailed explanation of the sometimes arcane distinctions between fraudulent joinder, fraudulent misjoinder, egregious misjoinder and improper joinder.  2007 WL 933665 at * 1 - 4.  As noted, there remains considerable divergence of opinion as to whether fraudulent misjoinder constitutes proper

---

[3] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

grounds for removal.  The concept of fraudulent misjoinder was first articulated in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  Some courts have criticized *Tapscott* as being unsupported by Supreme Court precedent, contrary to the narrow construction that is to be given to removal statutes, and needlessly complex.  *See, e.g.*, *Bird v. Carteret Mortg. Corp.*, 2007 WL 43551, *4 (S.D. Ohio Jan. 5, 2007); *Bavone v. Eli Lilly & Co.,* 2006 WL 1096280, *3 (S.D. Ill. Apr. 25, 2006); *Osborn v. Metro. Life Ins. Co.*, 341 F.Supp. 2d 1123, 1127 (E.D. Cal. 2004).  The Fifth Circuit has not explicitly endorsed *Tapscott* and its third category of improper joinder.   However, "most district courts within this circuit have taken the position that the Fifth Circuit has adopted, or at least appears to have adopted, *Tapscott*."  *Palermo v. Letourneau Technologies, Inc.*, 2008 WL 878391, *14 (S.D.Miss. Mar 26, 2008) (surveying recent cases).  The undersigned agrees that this third type of misjoinder is a proper basis for removal in the Fifth Circuit and therefore finds that State Farm's removal in this case was not procedurally deficient.

Nevertheless Plaintiff urges this court to follow the rationale articulated in *Booth*, which recommended that the proper course of action when faced with allegations of fraudulent misjoinder is for the federal court to remand and let the state court decide whether to sever claims.[4]  State Farm asks us to reject the procedural component of *Booth* and adopt, instead, the reasoning of *Accardo v. Lafayette Ins. Co.*, 2007 WL 325368, *2 (E.D.La. Jan.30, 2007), which contends that federal courts may sever improperly joined claims under Rule 21 of the Federal Rules of Civil Procedure.  The difference between the two approaches is entirely procedural: under *Booth*, removal on the basis of misjoinder is improper and a federal court must remand to

---

[4]  This court recently revised its stance on the procedural aspects of misjoinder described in *Booth*.  *See Beck v. State Farm Fire & Casualty Co.*, 2:07-cv-01998.

state court for a decision on severance; the *Accardo* approach requires a federal court to apply

state joinder law in deciding whether to sever claims.

Other district courts in the Fifth Circuit have been willing to sever fraudulently misjoined

claims, either in the context of a motion to remand or a motion to sever under Fed. R. Civ. P. 21.

*See Smith v. Rotorcraft Leasing Co.*, 2007 WL 1385873 (W.D. La. May 8, 2007); *Palermo v.*

*Letourneau Techs., Inc.*, 2008 WL 878391, *11 (S.D. Miss. Mar 26, 2008); *Milliet v. Liberty*

*Mut. Ins. Co.*, 2008 WL 147821, *2 (E.D. La. Jan 11, 2008).  The undersigned finds that the

*Accardo* approach is consonant with Fifth Circuit precedent and represents the more well-

reasoned strategy.  The undersigned also finds that, in cases such as this in which the court is

able to determine whether claims are misjoined on the basis of the pleadings, the court may

choose to sever claims on its own initiative, in the interest of judicial efficiency, and remand only

the improperly joined claims, while retaining those claims properly within its jurisdiction.

2.  <u>Joinder Rules</u>

As an initial matter, this court must determine which procedural rules apply in

determining whether Plaintiff has properly joined both causes of action in one lawsuit. The

majority of courts that have addressed the issue have held that state, rather than federal joinder

law should apply.  *See Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp. 2d 357, 381 (S.D.N.Y. 2006)

(compiling federal cases). This is so because the plaintiffs bring their actions in state court and

are required to follow state court joinder rules when they initially file suit, and therefore, state

joinder rules are the relevant ones to use when determining the propriety of a party's joinder of

claims after the case has been removed to federal court.  *See In re Diet Drugs*, 294 F.Supp. 2d

667, 673-74 (E.D. Pa. 2003).   In the instant case, the parties agree that this court must apply

state law in evaluating the propriety of joinder of these co-defendants.   Pl.'s Mem. in Support of

Mot. to Remand, p. 3; State Farm & Casualty Company's Opp. to Pl.'s Mot. to Remand, p. 4.

Accordingly, the undersigned finds that the court must apply Louisiana joinder rules.

In this case, the relevant state joinder rule is Article 463 of the Louisiana Code of Civil

Procedure.  That article states, in relevant part:

> Two or more parties may be joined in the same suit, either as plaintiffs or as
> defendants, if:
>
>> (1) There is a community of interest between the parties joined;
>>
>> (2) Each of the actions cumulated is within the jurisdiction of the court
>> and is brought in the proper venue; and
>>
>> (3) All of the actions cumulated are mutually consistent and employ the
>> same form of procedure.

La. Code Civ. Proc. art. 463.[5]  The Louisiana Supreme Court has defined "community of

interest" as "the parties' causes of actions (or defenses) 'arising out of the same facts, or

presenting the same factual and legal issues'." *Stevens v. Bd. of Trustees of Police Pension Fund

of Shreveport*, 309 So. 2d 144, 147 (La.1975) (quoting Official Revision Comment (c), Article

463); *see also Gill v. City of Lake Charles*, 119 La. 17 (1907).  Elaborating on the meaning of

"community of interest" in Article 463, the Louisiana Fourth Circuit Court of Appeal has stated

that a "community of interest is present between different actions or parties, where enough

factual overlap is present between the cases to make it commonsensical to litigate them

together."  *Mauberret-Lavie v. Lavie*, 850 So. 2d 1, 2 (La. App. 4 Cir. June 11, 2003), *writ

denied*, 861 So. 2d 569 (La. Dec. 19, 2003).

3.  Misjoinder Analysis

Plaintiff argues that State Farm and Gostyla share a community of interest because

Plaintiff's claims against each co-defendant arise from the same transaction or occurrence,

---

[5]  The parties do not dispute that the claims satisfy the second and third requirements.

namely the damage to Plaintiff's property caused by Hurricane Rita.  Furthermore, Plaintiff contends that because Gostyla has an interest in any recovery against State Farm by virtue of his contingent fee agreement with Plaintiff, Gostyla must be considered an indispensible party. Finally, Plaintiff suggests that even if the court applies the *Tapscott* framework, only "egregious misjoinder" constitutes grounds for removal and the facts in this case do not rise to the level of egregiousness.  State Farm contends that Plaintiff's claims against Gostyla and State Farm present no common issues of law or fact and are improperly cumulated.  Defendant points out that the declaratory relief sought as to Gostyla is distinct and separate from the type of damages sought from State Farm.

The undersigned finds insufficient community of interest for Gostyla and State Farm to be joined as co-defendants.   Although the claims derive from a common factual episode—an insurance claim regarding damage to Plaintiff's home—the legal issues are entirely distinct, the relief sought is different, and the discovery issues completely separate.  State Farm is not a party to the contract between Plaintiff and Gostyla, nor is Gostyla a party to Plaintiff's contract of insurance with State Farm.  Due to the distinct and separate nature of the contracts and claims, there can be no joint, several, alternative, or *in solido* liability among Gostyla and State Farm. The legal issue in Gostyla's case  is whether his contract with Plaintiff is valid and enforceable. State Farm, on the other hand, must defend against accusations that it improperly denied an insurance claim.  To the extent that interests align, Gostyla  has a community of interest with Plaintiff in that he stands to profit from any additional recovery from State Farm should he be able to enforce his contract with Plaintiff.  Assuming for the sake of argument that Gostyla is a necessary or indispensible party as Plaintiff insists, Gostyla would be a necessary *plaintiff* whose desire to maximize his contingency fee aligns with Plaintiff's interests, not those of State Farm.

8

Thus, the undersigned finds that it is apparent from the substance of the pleadings that Plaintiff's claims against Gostyla have been improperly cumulated with the claims against State Farm. Accordingly, the undersigned recommends that the court invoke its authority under Rule 21 of the Federal Rules of Civil Procedure to sever the claims against the two co-defendants, then remand the case against Gostyla.

### CONCLUSION

For the reasons discussed, it is recommended that the district court sever the claims against Gostyla from those against State Farm.  It is further recommended that Plaintiff's Motion to Remand be GRANTED as to defendant Gostyla, but DENIED as to defendant State Farm.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2nd day of July, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE