UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PEGGY FRANKLAND, | * | CIVIL ACTION NO. 2:07CV1767 |
| | * | |
| Plaintiff, | * | JUDGE MINALDI |
| | * | |
| VERSUS | * | MAGISTRATE JUDGE KAY |
| | * | |
| STATE FARM FIRE AND CASUALTY | * | |
| COMPANY AND PETER J. GOSTYLA | * | |
| DBA PETER J. GOSTYLA, | * | |
| | * | |
| Defendants. | * | |

*****************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
## MOTION TO EXLUDE

**NOW INTO COURT**, through undersigned counsel, comes Defendant **STATE FARM FIRE AND CASUALTY COMPANY** (hereinafter "State Farm"), who submits this Memorandum in Support of its Motion in Limine/Motion to Exclude Evidence pertaining to testimony of Kermith Sonnier and the Cost Control Services Estimate dated October 9, 2007.

### UNDISPUTED FACTS

Plaintiff filed this action seeking to recover additional payments from State Farm for damage her property located at 2512 N. Claiborne Street, Sulphur, Louisiana allegedly resulting from Hurricane Rita.  It is undisputed that Plaintiff's property was insured under a policy of insurance issued by State Farm with dwelling coverage in the amount of $196,568.00, dwelling extension coverage in the amount of $11,300.00, and contents coverage in the amount of $137,597.00, and loss of use at actual loss sustained.

Jury Trial in this matter is currently set for August 17, 2009.  In connection with this trial date, Plaintiff has listed Kermith Sonnier of Cost Control Services, as an expert witness. It is undisputed that Cost Control inspected Plaintiff's residence for the first time in or around

1

October of 2007, and prepared a single estimate dated in October 2007. It is undisputed that Kermith Sonnier, the sole Cost Control representative listed by Plaintiff as an expert witness, did not conduct the 2007 inspection. It is undisputed that, as reflected on the Cost Control estimate, Tommy Greenlee, an employee of Cost Control, conducted the 2007 inspection that is the basis for, and is the one who prepared, the estimate that is the subject of this Motion. It is undisputed that Plaintiffs have not listed, and do not intend to call, Tommy Greenlee as a witness at trial.

On information and belief, Kermith Sonnier has not inspected the residence that is the subject of this litigation as of the date of the filing of this Motion. There have been no supplemental estimates produced by Plaintiff as a result of any inspection by Kermith Sonnier. The deadline for producing expert reports has long passed.  State Farm therefore anticipates that there will be no further estimates from Cost Control forthcoming.

It is further undisputed that several years passed between September 23 and 24, 2005, and October 2007 that had a significant impact on one's ability to properly inspect and estimate the damages caused to Plaintiff's property as a result of Hurricane Rita.

State Farm respectfully asserts that Kermith Sonnier should not be permitted to testify concerning damage to the subject residence as a result of Hurricane Rita, as he did not and has not inspected the subject residence, and did not prepare the estimate Plaintiff intends to rely upon at trial.  Additionally, due to events occurring between Hurricane Rita and the October 2007 inspection by Cost Control that significantly affected the ability to accurately estimate damages to Plaintiff's property, State Farm respectfully asserts that the Cost Control estimate should be excluded from evidence as lacking any basis, and as totally unreliable.

## LAW AND ARGUMENT

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), the Supreme Court charged the federal district courts with a gatekeeper function to keep unreliable expert

testimony out of evidence. 509 U.S. at 589. The party seeking to introduce the expert's testimony must prove by a preponderance of the evidence that the expert is qualified, the testimony is reliable, and that the testimony is relevant. *Moore v. Ashland Chem., Inc.,* 151 F.3d 269, 276 (5th Cir.1998). This gate-keeping function extends to all expert testimony. *Kumko Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999).

*Daubert* provides a two-prong test for determining the admissibility of expert testimony. The court "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert,* 509 U.S. at 592, 113 S.Ct. at 2796. Both prongs of the Daubert test must be satisfied before the proffered expert testimony may be admitted. *Id.* at 595, 113 S.Ct. at 2796. The first prong of *Daubert* focuses on whether the expert testimony is based on a reliable methodology. In determining an expert's reliability, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595, 113 S.Ct. at 2797, 125 L.Ed.2d at 484.

The second prong, i.e., whether the proposed testimony will assist the trier of fact to understand or determine a fact in issue, goes primarily to the issue of relevancy. *Daubert,* 509 at 591. The court must look to whether expert testimony proffered is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *Id., citing United States v. Downing,* 753 F.2d 1224, 1242 (3rd Cir.1985). Federal Rule of Evidence 401 defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

When expert testimony is challenged under *Daubert,* the burden of proof rests with the party seeking to present the testimony. *Moore v. Ashland Chemical, Inc.,* 151 F.3d 269 (5th

Cir.1998).  To meet this burden, a party cannot simply rely on its expert's assurances that he has utilized generally accepted scientific methodology.  Rather, some objective, independent validation of the expert's methodology is required. *Id.*

1.  **The Cost Control Estimate is not Based on Sound Methodology**

It is undisputed that State Farm inspected the subject residence three times – on October 9, 2005, December 21, 2005, and January 18, 2006.  Each of these inspections occurred years before Cost Control ever laid eyes on the subject property. In fact, based on information provided in this litigation to date, Mr. Kermith Sonnier has never inspected the subject residence and has prepared no estimate relating to the property in question. The Cost Control estimate that has been prepared and provided by Counsel was based on an inspection by Tommy Greenlee, which did not occur until October of 2007, more than two long years after Hurricane Rita damaged Plaintiff's property.

The length of time between the time that Hurricane Rita struck and before Cost Control prepared its estimate makes the October 2007 estimate unreliable and inadmissible.  In the twenty-five months between the Hurricane and the Cost Control estimate there were numerous other less severe weather events which could have contributed to the alleged damage to Plaintiff's home.  The Cost Control estimate is too attenuated to have any value as evidence in this case.

Moreover, the Cost Control estimate is not based on sound methodology and should be excluded from evidence.  Additionally, Kermith Sonnier, who did not prepare the estimate or inspect the property in question, should be precluded from testifying at trial.  Mr. Sonnier has no firsthand knowledge of the residence, the damage thereto, or the preparation or substance of the estimate.  Therefore, any testimony by Mr. Sonnier about any of those issues would be unreliable and inadmissible.

**2.   The Testimony of Kermith Sonnier on Causation is Unreliable**

Kermith Sonnier is not qualified to express an expert opinion regarding the cause of the alleged damage to the subject residence.  Mr. Sonnier is an adjuster and the sole owner of Cost Control, who makes his living evaluating the **cost** to repair damage to properties like the Frankland home. Mr. Sonnier is **not** qualified to testify about the **cause** of such damages. Mr. Sonnier has admitted under oath in other cases that when he is contacted to prepare an estimate, his duties consist of going out to the property to talk to the insured and write down what damage he sees.

He has also admitted in deposition that in making the decision as to what is hurricane-related and what is not, he first lets the insured tell him what the insured believes was caused by the hurricane and then he, or another adjuster, looks only at the damaged property to determine if anything else appears to be storm-related. However, in doing so, Mr. Sonnier has admitted that there is often uncertainty and doubt surrounding the **cause** of certain items of damage. For instance, Mr. Sonnier has testified that "if the slab was cracked or the bricks would be cracked, you know, sometimes you have a doubt about that…."

Additionally, Mr. Sonnier lacks any training, education, or specialized knowledge regarding wind loads, weather patterns, exertions of force on structures, or any other scientific or technical knowledge that would make his testimony on the subject of causation reliable. Specifically, Mr. Sonnier is a carpenter by trade. Mr. Sonnier's highest level of formal education is high school. Even before he graduated from high school he began training as a carpenter and worked in that trade the majority of his life. Then, in the late 1970s he began doing adjusting work and continues to work in that field to this day.

Mr. Sonnier will admit that his role as an estimator is to following the blueprint of damages found by a licensed engineer, who is ultimately the "man who put[s] the seal on it."

Mr. Sonnier has never been trained or worked as an engineer, a physicist, a meteorologist, or in any other field that would support testimony as to the cause of damage to a structure." Based on his experience, Mr. Sonnier's testimony, at most, should be limited to the extent and cost of damages (although for the reasons set forth above, that, too, should be excluded or limited).

Based on Mr. Sonnier's own prio testimony he is unqualified to give an expert opinion as to the cause of any damage to the Frankland home and any such opinion would be wholly unreliable. Mr. Sonnier himself relies on another expert, typically an engineer, to tell him what damage is or is not hurricane-related. Only after receiving that guidance can Mr. Sonnier do what he is trained to do – estimate the cost of repairs for those items of damage (but which he did not do in this case). Mr. Sonnier himself is incapable of determining the causation himself. Any such determination by Mr. Sonnier amounts to nothing more than an uneducated guess, which is unreliable and inadmissible under Federal Rule of Evidence 702 and *Daubert* and its progeny.

## <u>CONCLUSION</u>

The unreliability of the Cost Control estimate is cannot be disputed. The inspection by Cost Control that occurred more than two years post-storm was not based on the condition of property as a result of Hurricane Rita, but was based on its condition after three State Farm inspections and twenty-five months of exposure to weather, wear, and tear without having been repaired. For these reasons, the Cost Control estimate is unreliable and irrelevant. The estimate should be excluded from evidence and Kermith Sonnier should likewise be precluded from testifying regarding the property or the estimate.

Finally, if allowed to testify, Mr. Sonnier's testimony should be limited to the cost of any

repairs found to be related by others to Hurricane Rita.

Respectfully submitted,

STOCKWELL, SIEVERT, VICCELLIO,
CLEMENTS & SHADDOCK, L.L.P.


BY:   s/Todd M. Ammons
        TODD M. AMMONS
        La. Bar Roll No. 21441
        One Lakeside Plaza, 4th Floor
        Chase Building
        P.O. Box 2900
        Lake Charles, LA  70602

        Attorneys for State Farm Fire and
        Casualty Company

## <u>CERTIFICATE OF SERVICE</u>

This certifies that a true and correct copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following by operation of the court's electronic filing system.

> Jackie South
> 501 Broad St.
> P. O. Box 3010
> Lake Charles, LA 70602
> Attorney for Plaintiff, Peggy Frankland.

Lake Charles, Louisiana on this 6th day of July, 2009.

> s/ Todd M. Ammons
> TODD M. AMMONS