RECEIVED
IN LAKE CHARLES, LA.
JUL 29 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PEGGY FRANKLAND | : | DOCKET NO. 2:07 CV 1767 |
| VS. | : | JUDGE MINALDI |
| STATE FARM FIRE AND CASUALTY COMPANY AND PETER J. GOSTYLA D/B/A PETER J. GOSTYLA | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a motion for partial summary judgment, filed by the defendant State Farm Fire and Casualty Company (hereinafter "State Farm") [doc. 38]. The plaintiff, Peggy Frankland, filed an opposition [doc. 43]. State Farm filed a reply [doc. 45]. This matter is set for jury trial on August 17, 2009.

## FACTS

Ms. Frankland brings suit against State Farm for damage to her residence arising out of Hurricane Rita.[1] When Hurricane Rita made landfall on September 24, 2005, Ms. Frankland's residence was covered by a State Farm policy that provided primary residence coverage in the amount of $196,568, dwelling extension coverage of $11,300, contents coverage of $137,597, and loss of use at actual loss sustained.[2] State Farm issued payments totaling $62,789.83.[3] On August

---

[1] Compl. ¶ 3 (Aug. 31, 2007) [doc. 1-1].

[2] Def.'s Mem. in Supp. of Mot. for Summ. J., at 1 [doc. 39].

[3] Def.'s Statement of Uncontested Facts ¶ 20 [doc. 39].

1

31, 2007, Ms. Frankland filed suit in the 14th JDC.[4] On October 25, 2007, State Farm removed to this Court.[5] Ms. Frankland alleges that State Farm under-adjusted her claim because the house is a total loss.[6]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When the non-movant bears the burden of proof at trial, "[a] genuine issue of material fact exists if the summary judgment evidence is such that a reasonable jury could return a verdict for the non-movant.'" *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 478 (5th Cir. 2008). "[A]ll facts and evidence must be taken in the light most favorable to the non-movant." *LeMaire v. La. Dept. of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

## ANALYSIS

State Farm seeks a partial summary judgment ruling: 1) dismissing Ms. Frankland's misrepresentation claim, 2) stating that State Farm did not act in bad faith, and 3) stating that the 2006 amendments to La. Rev. Stat. Ann. § 22:658[7] do not apply to Ms. Frankland's claim.

I. Misrepresentation

Ms. Frankland alleges that State Farm misrepresented "pertinent facts or insurance policy

---

[4] Compl.

[5] Notice of Removal (Oct. 25, 2007) [doc. 1].

[6] Compl. ¶ 3.

[7] Effective January 1, 2009, this statute was renumbered as La. Rev. Stat. Ann. § 22:1892.

provisions relating to any coverages at issue" in violation of La. Rev. Stat. § 22:1220(B)(1).[8] State Farm argues that Ms. Frankland's claim based on "misrepresentation" under § 22:1220 should be dismissed as a matter of law because for an insurer to incur liability for a misrepresentation, the misrepresentation must "relate to a coverage issue." *Strong v. Farm Bureau Ins. Co.*, 32,414 (La. App. 2d Cir. 10/29/99); 743 So.2d 949, 953. State Farm thus argues that even if its computation of loss and adjustment of Ms. Frankland's claim could be construed as a misrepresentation, it is not actionable.

In her opposition, Ms. Frankland first argues that State Farm misrepresented pertinent facts "by making payment on the initial adjustment," which forced her to make piecemeal repairs. Next, she argues that State Farm misrepresented her coverage by telling her on October 31, 2005[9] that her portable shed would be covered and then telling her on January 3, 2006[10] that the policy does not cover out buildings because they were not scheduled. In Reply, State Farm argues that Ms. Frankland has taken the State Farm log entries out of context, as the January 2006 entry does not reference portable sheds.

La. Rev. Stat. § 22:1220(B) provides:

---

[8] Effective January 1, 2009, this statute was renumbered as La. Rev. Stat. Ann. § 22:1973.

[9] Def.'s Ex. B, p. 28 (Oct. 31, 2005). The Activity Log states: "They have a portable shed in the yard that was destroyed, that is personal property because it is not attached to any foundation. They will get a price, also had a swing set damaged. PH also asked about the fences again, I told him under the policy, they have to be scheduled."

[10] *Id.* at 25 (Jan. 3, 2006). The Activity Log states: "PH stated there are additional items which were not included on the original estimate. PH started explaining that she had damage to out bldgs and fencing that was not taken into consideration. Rvwd policy. PH has a farm/ranch policy and there are no scheduled bldgs or fences. Explnd fencing has to be scheduled in order for coverage to exist."

3

> Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
>
> > (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

For a misrepresentation to be actionable, the insurer must misrepresent a fact about coverage. *Talton v. USAA Cas. Ins. Co.*, Nos. 2006-CA-1513 & 2007-C-1414 (La. App. 4 Cir. 3/19/08); 981 So.2d 696, 710. "A misrepresentation relating to a coverage issue would involve facts about the policy itself, such as the amount of coverage, lapse or expiration of the policy, or exclusions from coverage." *Strong*, 743 So.2d at 953.

It is unclear to this Court whether the references to out buildings in the January 3, 2006 log entry includes the portable shed that State Farm said was covered on October 31, 2005. Neither party has submitted any additional evidence that would serve to clarify the logs. On a summary judgment motion, the Court must view all facts and evidence in the light most favorable to the non-movant, who in this case is Ms. Frankland; therefore, the motion for summary judgment on the plaintiff's misrepresentation claim is hereby DENIED.

## II. Bad Faith Claim

State Farm also seeks summary judgment dismissing its bad faith claim pursuant to La. Rev. Stat. Ann. § 22:658 and/or § 22:1220.[11] State Farm argues that it conducted multiple inspections and

---

[11] The Fifth Circuit recently described the relationship of these two statutes:

> Under § 22:1220, an insurer owes its policyholders a duty of good faith in settling claims. Breach of the duty exposes an insurer to liability for damages, discretionary penalties, and attorneys' fees via § 22:658. Among the enumerated breaches of § 22:1220, an insurer

4

issued several payments, and the damages on which it refuses to pay are based on a good faith dispute because its engineer concluded that they are not hurricane-related. State Farm therefore argues that because its refusal to pay is based on a genuine dispute over coverage, it is entitled to a summary judgment ruling that it did not act in bad faith. State Farm relies upon an unpublished Fifth Circuit case, in which the Fifth Circuit reversed a jury award of penalties because there was no evidence that State Farm withheld payment unjustifiably and without cause, and that it was insufficient that State Farm was wrong about the cause of damage. *Kodrin v. State Farm Fire & Cas. Co.*, 08-30092 & 08-30169, 314 Fed. Appx. 671, 679-80 (5th Cir. 3/11/09) (unpublished). Ms. Frankland argues that whether State Farm's actions were in bad faith is a question of fact for the jury.

To recover, the plaintiff must prove that the insurer: "(1) received satisfactory proof of loss, (2) failed to pay within the required time, and (3) acted in an arbitrary and capricious manner."

---

> owes its policyholders a duty of good faith in settling claims. Breach of the duty exposes an insurer to liability for damages, discretionary penalties, and attorneys' fees via § 22:658. Among the enumerated breaches of § 22:1220 an insurer owes its policyholders a duty of good faith in settling claims. Breach of the duty exposes an insurer to liability for damages, discretionary penalties, and attorneys' fees via § 22:658. Among the enumerated breaches of § 22:1220's duty of good faith is failure to pay a claim within 60 days following receipt of satisfactory proof of loss *if* that failure is "arbitrary, capricious, or without probable cause." In contrast, § 22:658 subjects the insurer to penalties and attorneys' fees for its arbitrary and capricious failure to pay a claim within 30 days. A plaintiff may be awarded penalties under only one of the two provisions, §§ 22:1220 and § 22:658, whichever amount is greater. He may, however, seek attorneys' fees under § 22:658 while seeking damages and penalties under § 22:1220.

*Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 297 (5th Cir. 2009).

*Dickerson*, 556 F.3d at 297. Under both statutes, "arbitrary and capricious" have the same definition, and mean "vexatious." *Id.* (citing *Reed v. State Farm Mut. Auto. Ins. Co.*, 2003-cv-0107; 857 So.2d 1012, 1021 (La. 10/21/03)). A "'vexatious refusal to pay' means unjustified, without reasonable or probable cause or excuse." *Id.* (quoting *Reed*, 857 So.2d at 1021). Louisiana law is clear that "[a] refusal to pay the full amount claimed will not be arbitrary and capricious when the dispute has a good faith basis." *Dickerson*, 556 F.3d at 299. The Fifth Circuit noted that whether the insurance company's dispute was in good faith is a factual determination. *Id.* at 297-98, 300 (noting that such findings are reviewed deferentially under the clear error standard on appeal).

Especially in light of the Fifth Circuit's recently published *Dickerson* opinion, this Court concludes that whether State Farm had a "good faith" basis for its dispute is a factual determination that is appropriately made by the jury. Accordingly, State Farm's motion for summary judgment on Ms. Frankland's bad faith claim is hereby DENIED.

### III.) Applicability of 2006 Amendments to Section 22:658

State Farm also seeks a summary judgment ruling stating that the 2006 amendments to § 22:658 do not apply. Ms. Frankland agrees that the revised statute is not retroactive and does not apply to actions that occurred before August 15, 2006. Ms. Frankland does, however, argue that the revised version applies to the damages included in the October 9, 2007 Cost Control Services report, which was sent to State Farm on October 22, 2007.[12] She argues that because this estimate contains damage discovered after the 2006 amendments became effective, the new version of the

---

[12] Pl.'s Ex. G. This report asserts that State Farm owes an additional $151,140.27.

statute should apply as to that particular damage. Thus, she argues, which version of the statute applies is a question for the jury.

Under La. Rev. Stat. Ann. § 22:658, a cause of action accrues when the insurer allegedly fails to make payment on an insured's property damage claim thirty days after receiving satisfactory proof of loss. After Hurricane Katrina, the Louisiana legislature amended La. Rev. Stat. Ann. § 22:658 twice by "substituting the words 'fifty percent' for 'twenty-five percent' and added 'as well as reasonable attorney fees and costs....'" *Sher v. Lafayette Ins. Co.*, 2007-C-2441, 2007-C-2443 (La. 4/8/08); 988 So.2d 186, 199. This amendment became effective on August 15, 2006. *Id.* It is well-established that the 2006 amendments are not retroactive. *Id.* As the *Dickerson* court noted, '[t]he critical question is at what point on the timeline does an insurer's refusal to pay trigger the penalty provisions of § 22:658." *Dickerson*, 556 F.3d at 306.

In *Sher*, the Louisiana Supreme Court articulated two situations in which the insured's claim could arise after the effective date. First, if the plaintiff did not make satisfactory proof of loss prior to the amendment of § 22:658, the petition for damages can serve as satisfactory proof, which triggers the thirty-day period. *Sher*, 988 So.2d at 199. Second,

> [B]ecause the duty is a continuing one, had plaintiff made satisfactory proof of loss prior to the amendment and had [the insurer] paid that claim, and had plaintiff discovered new damage and made satisfactory proof which [the insurer] failed to pay within the time period contained in the statute, but after the amendment became effective, [the insurer] could have been subject to the penalties contained in the amendment because the claim would have arisen after the effective date of the amendment.

*Id.*

In a recent, unpublished district court case, the court considered an almost identical motion. *Plaquemines Parish Sch. Bd. v. Industrial Risk Insurers*, 06-cv-7213, 2009 WL 650366, *4 (E.D. La. 3/11/09). The plaintiff conceded that the 2006 amendments were not retroactive, but she argued that the revised version applied to loss filed after the effective date of the amendment because the June 1, 2007 report provided estimates for damages not included in previous reports. *Id.* Considering *Sher* and *Dickerson*, the district court concluded that there was a question of material fact whether the report constituted satisfactory proof of loss, and denied the insurer's motion for summary judgment on which version applied. *Id.* at *5.

This Court agrees with the *Plaquemines Parish School Board* court's disposition of this issue, and concludes that there is a question of material fact whether the Cost Control estimate is a satisfactory proof of additional loss to which the 2006 amendments will apply. Accordingly, the motion for summary judgment as to which version applies to the damage described in the October 2007 report is hereby DENIED; and accordingly,

IT IS ORDERED that State Farm's motion for partial summary judgment [doc. 38] is hereby DENIED.

Lake Charles, Louisiana, this ___ day of _____, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE