RECEIVED
IN LAKE CHARLES, LA.
JUL 29 2009
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PEGGY FRANKLAND | : | DOCKET NO. 2:07 CV 1767 |
| VS. | : | JUDGE MINALDI |
| STATE FARM FIRE AND CASUALTY COMPANY AND PETER J. GOSTYLA D/B/A PETER J. GOSTYLA | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a motion for partial summary judgment, filed by the defendant State Farm Fire and Casualty Company (hereinafter "State Farm") [doc. 39]. The plaintiff, Peggy Frankland, filed an opposition [doc. 44]. State Farm filed a Reply [doc. 46]. State Farm seeks a ruling that Ms. Frankland may not receive a refund or credit at trial for the damages State Farm has already paid because that would constitute impermissible double recovery. State Farm does not seek a monetary limit on Ms. Frankland's recovery. State Farm seeks a ruling that Ms. Frankland may not receive, as she alleges in her complaint, "a refund, return, credit, or additional payment as damages for insurance proceeds spent to repair her home, which repairs are now known to have been a wasted effort." For the reasons that follow, State Farm's motion is GRANTED.

Ms. Frankland brings suit against State Farm for damage to her residence arising out of Hurricane Rita.[1] When Hurricane Rita made landfall on September 24, 2005, Ms. Frankland's residence was covered by a State Farm policy that provided primary residence coverage in the

---

[1] Compl. ¶ 3 (Aug. 31, 2007) [doc. 1-1].

1

amount of $196,568, dwelling extension coverage of $11,300, contents coverage of $137,597, and loss of use at actual loss sustained.[2] State Farm issued payments totaling $62,789.83.[3]

On August 31, 2007, Ms. Frankland filed suit in the 14th JDC.[4] On October 25, 2007, State Farm removed to this Court.[5] Ms. Frankland alleges that State Farm under-adjusted her claim because the house is a total loss.[6] Ms. Frankland's petition alleges that she is "entitled to a refund, return, credit, or additional payment as damages for insurance proceeds spent to repair her home, which repairs are now known to have been a wasted effort."[7] Thus, Ms. Frankland alleges that State Farm should have adjusted her house as a total loss, and is seeking to recover the amount that State Farm has already paid and that she was "forced" to use to repair her house, which "in hindsight, should not have been spent and would not have been spent had State Farm performed a fair adjustment initially."[8]

State Farm seeks a summary judgment ruling that the plaintiff's claim is dismissed "to the extent she seeks to recover amounts already paid by State Farm." State Farm argues that Ms. Frankland cannot recover again for the $62,789.83 that it has already paid based on the principle that

---

[2] Def.'s Mem. in Supp. of Mot. for Summ. J., at 1. Ms. Frankland does not contest this description of her policy.

[3] Def.'s Statement of Uncontested Facts ¶ 20. Ms. Frankland does not dispute any of these facts in her opposition.

[4] Compl.

[5] Notice of Removal (Oct. 25, 2007) [doc. 1].

[6] Compl. ¶ 3.

[7] Id.

[8] Id.

insurance contracts are contracts of indemnity, and an "insured is barred from recovering twice for the same loss." *See, e.g., Voth v. State Farm Fire & Cas. Ins. Co.*, 2009 WL 498625 (E.D. La. 2/19/09) (holding that a homeowner could "not recover under her homeowner's policy for any damages for which she has previously been compensated under her flood insurance policy"); *Wellmeyer v. Allstate Ins. Co.*, 2007 WL 1235042 (E.D. La. 4/26/07) (denying summary judgment because "[a]lthough an insured cannot recover twice for a single loss," the court found that the plaintiffs may be able to prove that a covered peril caused uncompensated damage"). Noting that Ms. Frankland admits in her complaint that she received payments from State Farm and used the amount paid to repair her home, State Farm argus that she cannot now seek a credit, return, or refund for the $62,789.83 as part of her recovery.

Ms. Frankland opposes the motion. She states she does not seek double recovery, but that she seeks a credit for the $62,789.83 because she maintains it was spent to no avail as a result of State Farm's under-adjustment. She also argues that the cases State Farm cites are distinguishable. The distinctions are unavailing, however, because the general principle remains the same–an insured cannot recover twice for the same loss.

Summary judgment is warranted "when the pleadings, the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

3

Although the Hurricane Katrina cases State Farm cited involved whether an insured could recover for the same damage under two different insurance policies, the principle remains the same: plaintiffs cannot recover twice for the same loss. *See, e.g., Weiss v. Allstate Ins. Co.*, 2007 WL 891869 (E.D. La. 3/21/07). Moreover, Ms. Frankland has not cited any cases that support her theory that, due to State Farm's under-adjustment, she was "forced" to repair her home in ways she would not have done had State Farm adequately paid her claim, which entitles her to a credit for the $62,789.83. Because the damages for which the $62,789.83 was paid is a previously compensated loss, Ms. Frankland is not entitled to a credit under the theory that, due to State Farm's under-adjustment, she was "forced" to repair her home in ways she would not have done had State Farm adequately paid her claim; accordingly,

IT IS ORDERED that State Farm's motion for partial summary judgment, [doc. 39], is hereby GRANTED insofar as Ms. Frankland cannot recover twice for the same damages; therefore, to the extent that she seeks a claim for a refund, return, or credit on monies already paid to her by State Farm, such a claim is precluded. Nothing in this Order shall be construed to prevent the plaintiff from recovering for previously uncompensated, covered damages at trial.

Lake Charles, Louisiana, this 29 day of July, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE