RECEIVED
IN LAKE CHARLES, LA
AUG 1 4 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PEGGY FRANKLAND | : | DOCKET NO. 2:07 CV 1767 |
| VS. | : | JUDGE MINALDI |
| STATE FARM FIRE AND CASUALTY COMPANY AND PETER J. GOSTYLA D/B/A PETER J. GOSTYLA | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a motion for reconsideration, [doc. 79], filed by the defendant State Farm Fire and Casualty Company (hereinafter "State Farm"). State Farm urges this Court to reconsider the portion of its July 29, 2009 summary judgment ruling denying summary judgment as to which version of La. Rev. Stat. Ann. § 22:658[1] applies to this case [doc. 74]. The plaintiff, Peggy Franklin, filed an opposition [doc. 104]. State Farm filed a Reply [doc. 105]. This matter is set for a jury trial commencing August 17, 2009.

## FEDERAL RULE OF CIVIL PROCEDURE 59(e)

Pursuant to Fed. R. Civ. P. 59(e), litigants may move to alter or amend a judgment, provided such a motion is made "no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).[2] A motion to alter or amend a judgment is an extraordinary remedy and is seldom granted. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend a judgment "is

---

[1] La. Rev. Stat. Ann. § 22:658 is now La. Rev. Stat. Ann. § 22:1982.

[2] State Farm's motion was timely filed.

1

not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised prior to the entry of judgment." *Id.* Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Id.*

## ANALYSIS

State Farm urges this Court to reconsider and reverse its prior ruling denying summary judgment as to the non-applicability of the 2006 amendments of La. Rev. Stat. Ann. § 22:658. State Farm argues that the case upon which this Court relied, *Plaquemines Parish School Board*,[3] is distinguishable.

Specifically, State Farm argues that the crucial fact governing which version of the statute applied in *Plaquemines* was not the timing of the report, but that the report included new estimates for insured properties that were not included in prior reports. *Id.* This argument is unavailing because in *Dickerson*, a case involving a single residential property, the Fifth Circuit recognized that the 2006 amendments could apply to newly-discovered damage occurring at the same property. *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 304-06 (5th Cir. 2009). State Farm also argues that *Plaquemines* is distinguishable because the defendant insurer took the position that the insured had not submitted satisfactory proof of loss.

In *Dickerson*, the insured homeowner sustained damages from Hurricane Katrina. *Id.* at 293. On March 2, 2006, the defendant insurer, Lexington, tendered a check for $11,335. *Id.* In May

---

[3] *Plaquemines Parish Sch. Bd. v. Indus. Risk Insurers*, 06-cv-7213, 2009 WL 650366 (E.D. La. 3/11/2009).

2

2006, Dickerson sued Lexington for breach of contract and breach of statutory duty of good faith for failure to pay the claim in full. *Id.* In June 2006, Dickerson sought additional payment from Lexington because he claimed his home's structure was twisted during the storm. *Id.* In May 2007, Lexington conducted another inspection that revealed additional wind damage. *Id.* In June 2007, about a month before the bench trial, Lexington tendered a check for $103,756. *Id.* at 293-94.

In considering which version of § 22:658 applied, the Fifth Circuit noted that:

> In *Sher,* the Louisiana Supreme Court clarified that, as a general rule, the relevant event for triggering the attorneys' fees provisions of § 22:658 is the submission of satisfactory proof of loss. In so doing, the *Sher* court rejected two arguments that might have permitted other Katrina victims to benefit from the amended § 22:658: (1) that injury from an insurer's bad faith delay of payment or denial of recovery continues so long as the delay or denial continues,[FN75] and (2) that the amendments were retroactive. At the same time, the *Sher* court left some room for holding that other later-occurring events might trigger § 22:658, noting that if Sher had not yet submitted his satisfactory proof of loss, a petition for damages could have sufficed, and that if damage is discovered after the first claim is made and the insurer fails timely to pay this additional claim, such a failure might give rise to penalties.

*Id.* at 306-07. As the Fifth Circuit noted in *Dickerson*, it is well-established that the 2006 amendments are not retroactive and that Louisiana law prohibits the "continuing breach rationale." *Id.* at 306-07.

The amended version of § 22:658 may apply, however, "if damage is discovered after the first claim is made and the insurer fails timely to pay this additional claim..." *Id.* (noting that "other later-occurring events might trigger § 22:658"). In *Dickerson*, the Fifth Circuit reversed and remanded the district court's award of attorney's fees under the 2006 version of § 22:658 because "it is possible, however, that some damage was not discovered until after August 15, 2006

(Lexington made its third inspection in 2007 during which it found new damage)." *Id.*

Like this case, *Dickerson* involved one residential property where the plaintiff submitted satisfactory proof of loss and filed suit for the insurer's alleged failure to pay the claim in full before the amendments became effective. Then, an inspection after suit was filed and after the amendments became effective revealed new damage that the insurer allegedly failed to timely pay. In *Dickerson*, the Fifth Circuit recognized that the newly-discovered damage from the 2007 inspection could trigger the amended version of § 22:658, and therefore remanded to the district court to determine whether the amended statute "might apply to any part of the insurance proceeds that were paid after the effective date of the amendment." *Id.* at 307. Here, Ms. Frankland submitted a Cost Control estimate dated October 9, 2007,[4] which she maintains contains newly-discovered damage. This estimate is sufficient to create an issue of fact as to whether there was damage that was not discovered until after August 15, 2006, which is when the new amendments became effective; accordingly,

IT IS ORDERED that State Farm's motion for reconsideration, [doc. 79], is hereby DENIED.

Lake Charles, Louisiana, this __13__ day of __August__, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] Pl.'s Ex. G [doc. 43].